UNITED STATES DISTRCT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMUEL CHAVEZ GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 17 C 6136 |
| UNITED STATES DRUG ) | Hon. Marvin E. Aspen |
| ENFORCEMENT ADMINISTRATION ) | |
| and UNKNOWN AGENTS OF THE ) | |
| UNITED STATES DRUG ) | |
| ENFORCEMENT ADMINISTRATION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Samuel Chavez Garcia filed this tort action to recover damages for injuries caused by unknown officers of the United States Drug Enforcement Administration ("DEA"). He also seeks to ascertain the identities of those officers through an Administrative Procedure Act ("APA") claim against Defendant DEA. 5 U.S.C. § 701 *et seq.* Presently before us is DEA's motion to dismiss Count VIII for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. (Mot. to Dismiss ("Mot.") (Dkt. No. 7).) For the reasons stated below, we grant DEA's motion to dismiss Count VIII without prejudice.

**BACKGROUND**

For the purposes of a motion to dismiss, we accept all well-pleaded factual allegations as true and draw all inferences in the plaintiff's favor. *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). Chavez Garcia alleges that on August 29, 2016, while he stood in the entrance of a multi-unit commercial building he owned at 2500 West 51st Street in Chicago, Illinois, multiple plain-clothed law enforcement officers grabbed him, threw him to the ground,

handcuffed him, searched his phone, and questioned him while he laid face down on the sidewalk. (Compl. (Dkt. No. 1) ¶¶ 7–14.) Chavez Garcia claims that during the incident the officers tore his left rotator cuff and caused "other physical and emotional injuries." (*Id.* ¶¶ 12.) After questioning Chavez Garcia for approximately two hours, at times with an officer's foot placed on his face, the officers removed the handcuffs and let him leave. (*Id.* ¶¶ 13, 15.) The officers never identified themselves, but Chavez Garcia recognized the officers as DEA agents after seeing the initials "DEA" on officers' clothing and hearing one of them shout "federales." (*Id.* ¶ 18.)

In late June 2017, Chavez Garcia's filed a Freedom of Information Act ("FOIA") request seeking any "reports regarding this incident" that identify the DEA agents involved in his questioning on August 29, 2016.[1] (*See* FOIA Request (Dkt. No. 11–1); Compl. ¶ 57.) On July 10, 2017, DEA FOIA Unit Chief Katherine L. Myrick responded to Chavez Garcia's FOIA request explaining that the DEA searched its records but was "unable to locate any records responsive to your request" that were not excluded from FOIA for being a law enforcement or national security record. (FOIA Response (Dkt. No. 11–2).) In the response, Myrick explicitly notified Chavez Garcia of his rights to "administratively appeal" the decision "by writing to the Director, Office of Information Policy (OIP), United States Department of Justice . . . within 90 days." (*Id.*) Chavez Garcia does not allege in his complaint that he administratively appealed the DEA's FOIA Response.

Chavez Garcia filed the instant complaint on August 23, 2017, including a number of tort claims under state and federal law and *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

---

[1] In the complaint, Chavez Garcia alleges that he sent a request to the DEA on June 30, 2017. (Compl. ¶ 57.) However, DEA provided a copy of Chavez Garcia's FOIA request that indicates the request was filed on June 23, 2017. (FOIA Request (Dkt. No. 10 Ex. 1).) Both parties agree that Chavez Garcia filed a FOIA request in late June 2017; the exact date on which Chavez Garcia filed his request is irrelevant to our analysis.

*Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971). (*Id.* ¶¶ 5–6, 57.)[2] As relevant to this motion, Chavez Garcia's only asserted a single claim against the DEA seeking a declaratory judgment compelling the DEA to produce the documents and agent identities Chavez Garcia requested in his June 2017 FOIA request (Count VIII). (*Id.* ¶¶ 53–57.) On November 27, 2017, Defendant DEA filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mot. at 1.)

## ANALYSIS

In its motion to dismiss, the DEA argues that Count VIII of Chavez Garcia's complaint must be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Mot. at 1.) The DEA initially argued that Chavez Garcia cannot sue the DEA, a federal agency, because Chavez Garcia did not present an exception to federal agencies' sovereign immunity under the Federal Tort Claims Act ("FTCA"). (*Id.* ¶ 5.) In response, Chavez Garcia admits that the FTCA does not apply because Count VIII does not allege a tort claim, and clarifies that he only sued the DEA to obtain information about the August 29, 2016 incident. (Resp. to Mot. to Dismiss ("Resp.") (Dkt. No. 10) at 3.) Because the parties agree the FTCA does not apply, we do not address the DEA's FTCA arguments.[3]

The DEA nevertheless argues Count VIII must be dismissed because Chavez Garcia does not present an exception to the DEA's sovereign immunity under the APA as there was no "final

---

[2] The complaint includes seven tort claims against the unknown agents, including warrantless entry, unlawful detention, illegal use of force, assault, battery, intentional infliction of emotional distress, and false imprisonment (Counts I–VII). (Compl. ¶¶ 21–52.) As the tort claims are only against the agents individually, they are not presently at issue.

[3] We do observe, however, that the FTCA provides relief only for tort claims seeking monetary damages and thus does not apply to Count VIII, which is a declaratory judgment claim. 28 U.S.C. § 1346(b)(1) (extending exclusive jurisdiction to district courts for suits against federal agencies involving civil tort claims seeking money damages); *Clark v. United States*, 326 F.3d 911, 914 (7th Cir. 2003) (affirming that the FTCA only applies to tort claims).

agency action, and there are adequate remedies outside of the APA." (Reply to Mot. to Dismiss ("Reply") (Dkt. No. 11) at 1–2.) In his complaint, Chavez Garcia requests we enter a declaratory judgment under the APA ordering the DEA to identify the agents involved in his detention or he "will be severely prejudiced" in the pursuit of his tort claims. (Compl. ¶ 57.)

## A. Legal Standard

We analyze the DEA's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). For an APA claim against a federal agency, a final agency action is a jurisdictional requirement when "a statute or the agency's rules require exhaustion as a prerequisite to judicial review." *Glisson v. U.S. Forest Serv.*, 55 F.3d 1325, 1327–28 (7th Cir. 1995). Because FOIA requires exhaustion of administrative remedies before judicial review of an agency action, a final agency action is a jurisdictional element for APA claims challenging FOIA requests. *Nelson v. U.S. Army*, No. 12 C 4718, 2013 WL 5376650, at *8 (N.D. Ill. Sept. 25, 2013) ("FOIA requires the completion of the administrative appeal process prior to judicial review."); *see also Gale v. U.S. Gov't*, 786 F. Supp. 697, 699 (N.D. Ill. July 9, 1990) (holding that FOIA requires exhaustion of remedies) (internal citation omitted). We thus analyze the motion to dismiss as a jurisdictional matter.

Rule 12(b)(1) requires dismissal of claims over which the federal court lacks subject matter jurisdiction. *See In re Chi., Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986) (noting jurisdiction must be conferred upon a federal court). The purpose of a motion to dismiss under Rule 12(b)(1) is to decide the adequacy of the complaint, not the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see also Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1988) (quoting *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986)) (noting that when a motion to dismiss argues both lack of subject matter jurisdiction and failure to state a claim, a district court "is obliged to resolve [the

4

jurisdictional issue] before proceeding to the merits"). A plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Finally, in reviewing a motion to dismiss under Rule 12(b)(1), we may properly consider all exhibits attached to the DEA's motion to dismiss and reply. *United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996) (noting the court may look beyond the complaint to other evidence submitted by the parties to determine whether subject matter jurisdiction exists).

**B. Administrative Procedures Act**

The APA provides an exception to federal agency sovereign immunity by allowing an individual to seek judicial review of an agency decision. 5 U.S.C. § 702. However, to establish subject matter jurisdiction under the APA, plaintiff must show (1) that he or she obtained a final agency action, and (2) that no other adequate remedy is available in a court. *Id.* § 704; *see also Id.* § 551(6), (13) (defining an "agency action" under the APA as an agency "order" that is in turn defined as "the whole or a part of a *final* disposition, whether affirmative, negative, injunctive, or declaratory in form, of an agency in a matter") (emphasis added). The DEA argues that Chavez Garcia has satisfied neither requirement under the APA. (Reply at 2.)

The DEA correctly argues that Chavez Garcia did not receive a final agency action from the DEA, precluding Chavez Garcia from seeking judicial review of the request for information made in his FOIA request under the APA. (Reply at 2–3.) Under FOIA, if an agency denies an initial request, the requestor has the right "to appeal to the head of the agency" and "to seek dispute resolution services from the FOIA Public Liaison of the agency or the Office of Government Information Services." 5 U.S.C. § 552(a)(6)(A)(i)(III). If an individual receives an adverse determination after the one-step appeal process, that individual has exhausted administrative remedies and has obtained a final agency action for which he or she can seek

5

judicial review. *Id.* § 552(a)(6)(A)(ii); *see Nelson*, 2013 WL 5376650, at *8 (holding that "FOIA requires the completion of the administrative appeals process prior to judicial review").

In this case, Chavez Garcia did not exhaust the available administrative remedies under FOIA and, as a result, failed to obtain a final agency decision. *See Evans v. U.S. Dep't of Interior*, 135 F. Supp. 3d 799, 821–22 (N.D. Ind. 2015) ("[A]n agency can enforce its requirement that a requester timely exhaust his or her appeals.") (citing *Wilbur v. C.I.A.*, 355 F.3d 675, 676 (D.C. Cir. 2004) (noting that "a requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response.")). It is uncontested that Chavez Garcia did not timely appeal the DEA's FOIA decision, despite the DEA's FOIA Chief detailing the agency's review procedures for him in its response. Therefore, he has not obtained a final agency action. Without a final agency action under FOIA, Chavez Garcia cannot maintain a claim against the DEA under the APA.

We also must dismiss Count VIII against the DEA because Chavez Garcia cannot bring a claim under the APA when an adequate remedy exists. "[U]nder the APA, judicial review is appropriate for an agency action only when 'there is no other adequate remedy in a court.'" *Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 537 (7th Cir. 2005) (citing *Bennett v. Spear,* 520 U.S. 154, 162, 175, 117 S. Ct. 1154, 1161, 1167 (1997)). Although the deadline for review of his July 2017 FOIA request has passed, the DEA argues Chavez Garcia could file a second FOIA request seeking the same information and exhaust agency review if his request is again denied. (Reply at 3.) Accordingly, an adequate remedy exists under FOIA: Chavez Garcia could file another FOIA request with the DEA seeking the identities of the unidentified DEA agents, and if the request is again denied, seek administrative review within 90 days of the entry of the decision. If the DEA again refuses to provide the requested documents,

Chavez Garcia can file a suit under FOIA for judicial review of the propriety of the DEA's withholding of the requested records. 5 U.S.C. § 552(a)(4)(B), (F) (providing federal jurisdiction to review *de novo* whether agencies improperly withheld records after a FOIA request). Accordingly, Chavez Garcia's claim against the DEA cannot be maintained under the APA because FOIA provides adequate remedies. *See Cent. Platte Natural Res. Dist. v. USDA*, 643 F.3d 1142, 1149 (8th Cir. 2011) (affirming dismissal of APA claim where plaintiff sought a declaratory judgment and court order requiring production of documents under both the APA and the FOIA); *Feinman v. F.B.I.*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) ("This Court and others have uniformly declined jurisdiction over APA claims that sought remedies made available by FOIA.") (listing cases).

Because Chavez Garcia has not met his burden of pleading a claim under the APA and has not alleged any other exception to the DEA's sovereign immunity, we grant the DEA's motion to dismiss Count VIII for lack of subject matter jurisdiction without prejudice. *Bernstein v. Bankert*, 733 F.3d 190, 224 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 1024 (2014) (finding that "a dismissal for lack of subject matter jurisdiction cannot be a dismissal with prejudice").

## CONCLUSION

For the foregoing reasons, we grant the DEA's motion and dismiss Count VIII without prejudice. It is so ordered.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Honorable Marvin E. Aspen
　　　　　　　　　　　　　　　　　　United States District Judge

Dated: March 19, 2018
　　　　Chicago, Illinois