# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL CHAVEZ GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 6136 |
| v ) | |
| ) | Hon. Marvin E. Aspen |
| UNITED STATES OF AMERICA ) | |
| and ROBERT ARONA ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Marvin E. Aspen, District Judge:

Before us is Plaintiff Chavez's motion for reconsideration of our order striking his putative expert witness affidavit attached as an exhibit to his statement of facts in opposition to summary judgment. (Pl.'s Mot. for Reconsideration ("Pl. Mot.") Dkt. No. 92.) Defendant opposes this motion for substantially the same reasons we gave in our original order. (Dkt. No. 95.) Plaintiff fails to raise a compelling case for reconsideration, and we therefore decline to amend our original discovery order to correct counsel's mistaken reading of the discovery deadline.

## LEGAL STANDARD

Motions to reconsider are proper to correct a manifest error of law or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984). Disposition of a motion for reconsideration is left to the discretion of the district court. *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir. 1991).

## ANALYSIS

The motion to reconsider introduces no new factual evidence for our consideration, so our original opinion suffices to give a summary of the background facts at play. (Dkt. No. 87.) Defendant argues Chavez failed to properly disclose his expert witness, and therefore we must exclude all statements associated with the expert's report under Federal Rules of Civil Procedure 37(c)(1) and 26(a)(2). (Def.'s Reply to Pl.'s Statement of Fact ("Def. SOF Reply") (Dkt. No. 84) ¶¶ 1–14.)

Rule 26(a)(2) requires disclosure to the other party the identity of any witness "it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2). "[Parties have] to disclose [their] expert testimony pursuant to a court ordered deadline, and if no deadline was set, at least 90 days prior to the start of trial." *Karum Holdings LLC v. Lowe's Companies, Inc.*, 895 F.3d 944, 951 (7th Cir. 2018). An order setting the end of discovery constitutes a court-ordered deadline for the purpose of identifying expert witnesses, even if it is more than ninety days before trial. *Hassebrock v. Bernhoft*, 815 F.3d 334, 341 (7th Cir. 2016).

The sanction of exclusion is "automatic and mandatory unless the sanctioned party can show its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (citation omitted). "[D]etermination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Id.* (citation omitted). The following factors guide our analysis: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.*

Plaintiff has admitted his failure to abide the deadline was not justified. (Pl. Mot. ¶ 3.) Therefore, the only remaining question is whether we made a manifest error of law in determining

that Plaintiff's failure to disclose Dr. Triester prior to the discovery deadline was harmless. Plaintiff identifies no legal error in our ruling. (Pl.'s Reply in Support of Mot. to Reconsider (Dkt. No. 98.) ¶ 1.) Therefore, the only question before the Court is whether we *wish* to reverse course.

We decline to do so. First, Defendants are correct that granting Chavez's motion would require reopening of expert discovery generally. (Dkt. No. 95.) We cannot reasonably estimate the delay in time and the additional cost that introducing numerous medical experts to the case would incur. Second, Dr. Triester's affidavit was not a necessary component to our finding that a genuine issue of material fact existed in this case. (Dkt. No. 87.) Therefore, it is unclear what purpose allowing Dr. Triester's introduction into the case serves. Finally, although there is no trial date set, we cannot pretend that introducing a separate expert discovery phase to the case at this late date would do nothing to move a potential trial date far into the future. Expert discovery can be protracted and expensive.

## CONCLUSION

For the above reasons, we deny Plaintiff's motion to reconsider our order (Dkt. No. 87) excluding Dr. Treister's putative expert testimony, attached as an affidavit at the summary judgment stage. (Dkt. No. 92.) It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated:	March 26, 2020
	Chicago, Illinois